## Wing vs. Davis & al.

Where the mortgagee, after entry for condition broken, conveyed the premises in fee, in distinct parcels, to two others, it was held that they were properly joined as defendants in a bill to redeem.

In computing the three years after entry for condition broken, within which a mortgagor may redeem, the day of entry is to be excluded.

Where a mortgage has been assigned, and the assignee has entered and is in possession, the tender, under *Stat.* 1821, *ch.* 39, is to be made to him, and not to the original mortgagee.

Tender of money in a bag, made at the window of a house, to redeem a mortgage, the creditor being at the window, and not admitting the debtor within the house, is sufficient.

But such tender, made after day light is gone, is too late.

THIS was a bill in equity to redeem certain lands mortgaged. The plaintiff was purchaser of the mortgagor's right in equity of redemption, at a sheriff's sale. The defendants held under deeds from the mortgagee.

It appeared that one *Bangs* mortgaged the premises to *Rufus Gay, July* 5, 1824, to secure the payment of two hundred dollars in one year, one hundred dollars in two years, and one hundred dollars in three years, with interest ; and that one year's interest had been paid. *Gay* entered for condition broken, *Aug.* 15, 1825 ; and on the sixth day of *December* 1826, made absolute conveyances of the premises in fee, in distinct parcels, by several deeds, to the defendants, *Davis* and *Plummer.* These deeds were not recorded, and their tenor was unknown to the plaintiff.

On the 15th day of *August,* 1828, between the hours of nine and nearly eleven in the evening, the plaintiff tendered four hundred and seventy-five dollars to *Gay,* and four hundred and eighty dollars to *Davis,* and afterwards to *Plumer,* at their several houses, in discharge of the mortgage. These persons were all in bed, and the lights extinguished, when the plaintiff called to make the tender. *Gay* declined receiving the money, because he no longer held the mortgage. *Davis* said he could not attend to the business at that

Wing *v.* Davis & al.

time of night, and would rather that *Plumer* should be present when he settled ; and *Plumer* replied that it was rather late, and he could not attend to it that night ; but did not say that he could not count the money, for want of a light. At *Gay's* house, the bag containing the money was laid on a table. *Davis* conversed with the plaintiff from his chamber window, and *Plumer* at his door ; the plaintiff having the bag of money in his hand. After the tender, the money was forthwith deposited in the *Gardiner* bank, for the use of the person entitled to receive it, and notice given to *Gay,* and the two defendants.

*Allen,* for the plaintiffs contended that the defendants were properly joined in the bill, though claiming distinct moieties of the land ; because the plaintiff had no means of knowing that fact, the deeds not having been placed on record. And in any case, all the assignees of a mortgage ought to be joined, because of their privity in estate. 6 *Johns. Ch.* 149 ; *Brinkerhoff v. Brown, ib.* 157; 8 *Mass.* 554. If not, the objection cannot now avail the defendants, not having been taken by demurrer.

And the sum tendered, he said, was sufficient, being the amount of principal and interest then due. If the defendants would claim more, for costs, expenses or repairs, they should have declared it at the time, and also have rendered an account in their answers ; which has not been done.

In point of time, also, it was seasonably made, the day of the entry for condition broken being excluded. *Bigelow v. Wilson,* 1 *Pick.* 485 ; *Windsor v. China,* 4 *Greenl.* 298. The objection that it should have been made before sunset, or during daylight is not sustained by the authorities. To save a forfeiture, a tender may be made at any time before the last instant of the day. *Co. Lit.* 202 ; 1 *Bac. Abr.* 428, *Condition P.* 3 ; 2 *Bl. Com.* 141 ; *Greely v. Thurston,* 4 *Greenl.* 480 ; *Duppa v. Mayo,* 1 *Saund.* 287. The " uttermost convenient time of the day," mentioned in the books, refers not to the tender of money, but to specific articles.

And in form it was good, though the money was contained in a bag. *Chitty on Contr.* 306 ; *Breed v. Hurd,* 6 *Pick.* 356 ; *Harding v. Davis,* 2 *Carr & Payne* 77 ; *Borden v. Borden,* 5

*Mass.* 67.   For the plaintiff did all in his power ; and the defendants refused to receive the money at all.

*Evans,* for the defendants, denied that there was any privity in estate between them ; and cited 12 *Mass.* 479, and *Jackson on real actions,* 72, to show that they were improperly joined ; contending that the inconveniences arising from wrong joinder were as great in equity as at law.   To the point that the tender was made a day too late, he cited 1 *Ld. Raym.* 280 ; 3 *East* 407 ; *Presbrey v. Williams,* 15 *Mass.* 193 ;—or if on the proper day, yet at too late an hour ;—6 *Bac. Abr. Tender D.* ; *Aldrich v. Albee* 1 *Greenl.* 120 ; *Duppa v. Mayo,* 1 *Saund.* 287, *note* 16.

The opinion of the Court was read in the following *September* term, as drawn up by

MELLEN C. J.   From the bill and answers it appears that *Gay* entered for breach of the condition of the mortgage *August* 15, 1825. Before that time the first note described in the deed had become due : and on the 6th of *December,* 1826, he made an absolute deed to *Davis* of one moiety of the premises in severalty, and of the other moiety to *Plumer* in the same manner.   Still, as at that time the premises were redeemable by the mortgagor or his assigns, those conveyances could only operate as an assignment of the mortgage, in respect to the owner of the equity, whose rights could not thus be affected.   We are therefore of opinion that they are properly joined in the bill.   We are also of opinion that if a legal tender of a sufficient sum was made on the 15th of *August,* 1828, it was within the three years by law limited for redemption : or in other words, that the day on which the entry to foreclose was made, must be excluded in the computation.   For the reasons and authorities on which this opinion is founded, we refer to the case of *Winslow v. China,* 4 *Greenl.* 298, and the cases there cited.   We are also of opinion that where a mortgage has been assigned, and the assignee has entered and holds the title and possession, the tender for the purpose of redemption must be made to him.   The language of our statute of 1821, *ch.* 39, first section, is, " upon payment or tendering of payment, &c.—to such mortgagee, vendee, or person claiming and

5

holding under them and in possession as aforesaid," &c. Such is the character and situation of the defendants. We may, therefore, lay out of the case all which relates to the tender made to *Gay.* The remaining questions are to be decided upon the proof introduced by the plaintiff to control and disprove so much of the answers of the defendants as relates to the character, legality and sufficiency of the tender made to them. Was it in due form ? Was it at a seasonable hour of the day ? Was a sufficient sum tendered ? By the evidence it appears that what the plaintiff relies on as a tender, is the fact, that he, late in the evening, stood outside of *Davis's* house, in the dark, holding some conversation with *Davis,* at a chamber window, as to his wish to pay the amount due on the said mortgage, and urging *Davis* to accept it, who declined doing any thing about it at that time of night : during which time, *Wing* held in his hand a bag, containing 475 dollars in specie. Two witnesses testify to these facts ; and to the same facts as to the alleged tender to *Plumer,* with the exception that they did not hear him say he could not count the money for want of a light.

In *Wade's case,* 5 *Co.* 115, it was decided that an offer of money in a bag is a good tender, if it contains sufficient : though in *Noy,* 74, *Suckling v. Cony,* it was decided that where the mortgagor said to the mortgagee, " I am here ready to pay you the money due on the mortgage," but at the same time kept the money in a bag, under his arm, it was a good tender. In the case before us, *Wing* could not place the bag within the reach of either of the defendants, as he was not admitted into the house : but he did all in his power to induce them to receive the money, and they made no objection, except as to the time and circumstances in which the offer was made :. other objections, perhaps, may be considered as waived, as to the manner. 3 *D. & E.* 683. *Peake's cases,* 88. 4 *Esp.* 68. 5 *Esp.* 48. *Perkins v. Dunlap,* 5 *Greenl.* 268. Was the tender made at a seasonable time of the day ? The law upon this subject is found in our ancient books. In *Wade's* case before cited, the court lay down the law in these words : " Although the last time of payment of the money by force of the condition, is a convenient time, in which the money may be counted before sun-set, yet, if the tender be made to

him who ought to receive it, at the place specified in the condition, at any time of the day, and he refuse it, the condition is forever saved, and the mortgagor, or obligor needs not make a tender of it again before the last instant." See also, *Co. Lit.* 202. In *Hill v. Grange*, 1 *Plowd.* 172, the condition was to pay rent within ten days after certain feasts, in which case the Justices unanimously held that the lessee had liberty during the ten days;" and therefore, they observe—" the lessee is in no danger as long as he has time to come and pay it ; and he has time to come and pay it as long as the tenth day continues ; and the tenth day continues until the night comes ; and when the night is come, then his time is elapsed. So that his time to pay it continues until the separation of day and night. And, in arguing this point, *Robert Brook*, Chief Justice and *Saunders*, said that if the rent reserved was a great sum, as £500 or £1000, the lessee ought to be ready to pay it in such convenient time before sunset, in which the money might be counted ; for the lessor is not bound to count it in the night, after sun-set, for if so, he might be deceived ; for *Brook* said *qui ambulat in tenebris nescit qua vadit.*" The language of the court in the case of *Greely v. Thurston*, does not advance a different principle. The question is, what is the whole day in relation to a tender in contracts of this character. We are not aware that modern decisions have changed the law as established by the old cases ; or the facts necessary to be proved to support a plea of tender ; except so far as the conduct of the creditor may in certain cases amount to a waiver of objections against the formality of the tender, or in case of his artful avoidance or evasion. In the case before us there is nothing like a waiver as to the unseasonableness of the hour ; in fact this was the objection made by the defendants at the time of the alleged tender ; which was attempted to be made, not long before midnight, when the defendants and their families were asleep, and all the lights extinguished. No reason has been assigned why a payment or a tender was delayed to so unusual an hour ; and if a loss to the plaintiff is the consequence of this strange delay, he must thank his own imprudence.

We do not mean to decide that a tender may not, in any circum-

stances be good, though made after the departure of day light : it is not·necessary to intimate any opinion on the point. Our decision is founded on the facts of this case : and the tender not having been made in due season, we need not inquire as to the sufficiency of the sum which was·offered.

*Bill dismissed, with costs.*